Judge Ewing

delivered the Opinion of the Court.
Beauchamp purchased of Mrs. Bullock, a tract of land, and took her bond for a conveyance, upon the payment of the consideration, and entered into possession. Johnson assumed the payment of the consideration, and received from Beauchamp an assignment of Mrs. Bullock’s bond for a title, at the same time, executing to Beauchamp, his bond, which, after reciting his assumpsit to pay the consideration, at Beauchamp’s request, he finding it inconvenient to pay for it, and being desirous to retain it for a residence for himself and family, stipulates “that, *125 after he, Johnson, obtains the conveyance from Mrs. Bullock, he will convey the same to Beauchamp, upon the condition, that himself and wife will mortgage the same to Johnson, to secure the re-payment of the purchase money, with interest, and other demands then due, and will execute his bond to Johnson, that his, Beauchamp’s children, on coming of age, or marrying, shall receive the land towards their legacy, coming from Robert Moore, deceased, in a certain manner therein stipulated. Beauchamp remained in possession about two years, and rented the place to one McCormack, who occupied it about two years more, when Johnson recovered a judgment in ejectment against him, and having obtained the possession, brought this suit against Beauchamp, for use and occupation, and having failed in the court below, has brought the case to this court.
Where a party in-possession of a place that he was unable to pay for, assigned his title bond to another, who agreed, on certain conditions, to advance the money, and receive the title, and hold it for the tenant, till he could pay for it; and having thus obtained the title, afterwards, for reasons not appearing, ousted the tenant, and then brought this action for use and occupation—held that no promise on the part of the tenant can be implied, and the action is not maintainable.
We have no doubt that this action may be maintained, whenever the possession has been held by the assent of the owner of the land, without any express valid contract for the payment of rent, under circumstances from which the law will imply an obligation to pay, and a right to receive compensation for the use, as was determined by this court, in the case of Logan vs. Lewis, 7, J. J. Marshall, 3. And that too without the aid of the statute of George II.
But if the possession was held under circumstances implying no such obligation, but rather indicating that he used the property and received the profits under a claim of right to do so, and to apply the same to his own use, the action will not lie, unless there be circumstances afterwards occurring, which, by relation, would raise an equitable obligation against him, to pay for the use.
In this case, it is clear that he was permitted to hold the premises for the benefit of himself and family, under a contract of re-purchase from Johnson, and not as a renter, or occupant without right, or claim of right. And if, upon his abandonment of the contract, or his refusal to carry it into effect, an equitable obligation would rest on him, to pay rent for the time he occupied, as there is no proof of such abandonment or refusal, no equitable obligation rests on him; and, consequently, no assumpsit could be implied against him.
*126 Indeed, Johnson, by the terms of the contract, was to do the first act, namely, to make a conveyance, before Beauchamp could be required to execute a mortgage, or enter into the bond required. No conveyance seems to have been made or tendered, nor offer, on the part of Johnson, to carry into execution the contracts or refusal; by Beauchamp, to accept the conveyance, and perform the terms of the contract on his part. The contract of re-purchase, from aught that appears, remains in full force, and had not been abandoned by either. Under such circumstances, it is clear that, Beauchamp could not be treated as having occupied as a tenant, but as a purchaser. Nor can he be subject to the imputation of having been in default, or acted in such manner with respect to the contract, as to lay him under any obligation, by relation, to pay rent. Smith vs. Stewart, 6, Johnson’s Rep. 46; Bancroft vs. Wardwell, 13 Johnson’s Rep. 489; 2 Wheaton’s Selwyn, 549.
As the opinions expressed by the Circuit Court, in giving and withholding instructions, are not in conflict with the views here given, it is the opinion of this court, that the judgment of the Circuit Court be affirmed, with costs.